# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS A. ALARCON,<br><br>    Plaintiff,<br><br> v.<br><br>D. DAVEY, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01461-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATION FOR PLAINTIFF TO PROCEED ON FIRST AMENDED COMPLAINT but THAT WARDEN DAVEY, ALL CLAIMS AGAINST DAVEY, AND ALL CLAIMS UNDER CALIFORNIA LAW BE DISMISSED**<br><br>**(Doc. 14)**<br><br>**21 DAY DEADLINE** |

  Plaintiff, who is currently housed at Salinas Valley State Prison, complains of events that occurred while he was housed at CSP-Cor. The Court dismissed the complaint with leave to amend for violation of Rule 8 of the Federal Rules of Civil Procedure. Plaintiff then filed the First Amended Complaint, which is before the Court for screening. (Doc. 14.) For the reasons discussed below, the Court recommends that Plaintiff be allowed to proceed on the First Amended Complaint on his claims under the Eight Amendment against correctional staff as discussed herein. However, Warden D. Davey and all claims against him should be dismissed since they are not cognizable, and all claims under California law should be dismissed since Plaintiff fails to show compliance with the California Government Claims Act.

///

1

1     **B.**     <u>**Screening Requirement**</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

    **C.**     <u>**Summary of the First Amended Complaint**</u>

Though currently housed at SVSP, Plaintiff seeks to pursue this action based on events that took place in 2015 while he was housed at CSP-Cor. Plaintiff names the following as Defendants: Warden D. Davey; Lieutenant J. Gonzales; Sergeant E. Magallanes; Correctional Officers J. Caldwell, H. Flores, S. Longoria, R. Guerra, R. Roque, A. Casas, D. Nora, A. Fernandez, K. Cowart, A. Rocha, T. Harris, M. Garin, R. Adame; and LVN S. Bransom. Plaintiff seeks monetary damages as well as declaratory and injunctive relief based on violation of his rights under the Eighth Amendment and various claims under California law.

Plaintiff's allegations are all premised on an incident that occurred on January 30, 2015. On that date, Plaintiff alleges that C/O Caldwell told Plaintiff and three other inmates to leave shortly after they sat down in the dining hall to eat their evening meal. (Doc. 14, p. 12.) Plaintiff questioned this direction and cursed because it was obvious they were still eating. (*Id.*) C/O Caldwell got Plaintiff's ID and said "Alright, we'll see about this." (*Id.*) As Plaintiff emptied his tray by the scullery, he saw C/O Caldwell looking at him and slipping on his black gloves while menacingly shaking his head up and down at Plaintiff. (*Id.*, pp. 12-13.)

After Plaintiff and his friends left, C/O Caldwell was a few feet to the left of the exit door and told Plaintiff a couple times to "Come here and turn around." (*Id.*, p. 13.) Plaintiff responded both times by asking why. (*Id.*) Suddenly, Lt. Gonzales pushed Plaintiff violently from behind

into C/O Caldwell, who grabbed Plaintiff in a head lock and pulled him to the ground. (*Id.*) Lt. Gonzales repeatedly hit the inside of Plaintiff's elbow and the back of his left arm with his baton until his arm went limp. (*Id.*) Plaintiff didn't resist during this incident, but C/O H. Flores pepper-sprayed him in the face anyway. (*Id.*) While Plaintiff was on the ground, C/O S. Longoria slammed his knee into Plaintiff's lower back a couple times and then cuffed him, pulling his limp left arm and right arm behind Plaintiff despite the fact that Plaintiff has a medical chrono indicating that he is not to be cuffed behind his back. (*Id.* pp. 13-14.) C/O Caldwell then released Plaintiff from the headlock and began a forceful jumping motion, repeatedly pushing Plaintiff's head into the asphalt. (*Id.*, p. 14.) Someone then grabbed Plaintiff's right ankle and twisted it until it broke and ripped with a "crack." (*Id.*) Lt. Gonzales then began to hit Plaintiff's left ankle with his baton. (*Id.*) C/Os L. Cahlander, R. Roque, K. Cowart, T. Harris, A. Fernandez, R. Adame, A. Casas, M. Garin, D. Nora, and A. Rocha simply stood by watching and took no actions to stop what was happening. (*Id.*, p. 15.)

Plaintiff was eventually pulled by his elbows and told to get up and walk. Plaintiff told C/Os Longoria, R. Guerra, and Lt. J. Gonzales, who were trying to make him walk, that he could not as both of his feet were badly injured or broken and that he had a medical chrono restricting him from being cuffed behind his back. (*Id.*) Lt. J. Gonzales told S. Longoria and R. Guerra to try to make Plaintiff walk, so that when he presented to medical staff they would note him as ambulatory on arrival. (*Id.*) C/Os Longoria, R. Guerra, and Lt. J. Gonzales could tell that Plaintiff was in pain and suffering, but forced him into the stand-up cage in 3A medical without ventilation, ignoring Plaintiff's cry that he could not breathe and was not supposed to be cuffed behind his back. (*Id.*) They did not decontaminate him from the pepper-spray but simply laughed at Plaintiff and left. (*Id.*, pp. 15-16.)

LVN S. Branson saw Plaintiff, but did not examine him, provide him aid, or report his injuries. (*Id.*, p. 16.) Plaintiff asked LVN S. Branson for help and told her that he was having trouble breathing and talking because of the pepper spray, that his foot was hurting and he thought it was broken, that his elbow, back and face were hurting badly, and that he had a medical

chrono prohibiting being cuffed behind his back. (*Id.*) Instead of sending Plaintiff to the Correctional Treatment Center (CTC) for medical care and treatment, LVN S. Branson simply cleared Plaintiff for ad-seg placement. (*Id.*) On the medical report for injury, LVN S. Branson only vaguely reported that Plaintiff had pain all over his body and falsely reported that Plaintiff refused decontamination. (*Id.*, p. 17.)

After that, Sgt. Magallanes arrived at 3A medical with C/Os R. Roque, A. Casas, and D. Nora. (*Id.*) Sgt. Magallanes ordered Plaintiff to stand, but Plaintiff replied he could not because of excruciating pain in both of his feet, that he was not supposed to be cuffed in the back, and that he needed to be decontaminated. (*Id.*) Sgt. Magallanes said that if Plaintiff couldn't stand, they would drag him to 3A-O3, which was approximately 100 yards from 3A medical. (*Id.*) Plaintiff requested a wheel-chair which Sgt. Magallanes refused, ordering Plaintiff to stand. (*Id.*) Crying, Plaintiff told Sgt. Magallanes that he could not walk because of the pain in his feet and begged them not to drag him or make him walk to 3A-O3. (*Id.*) Despite this, Sgt. Mallaganes ordered C/Os A. Cesas, R. Roque and D. Nora to grab Plaintiff. (*Id.*) Then Sgt. Mallaganes and C/O Roque took hold of Plaintiff's elbows while C/Os Cesas and Nora grabbed his feet and the four of them began carrying Plaintiff, dropped him, and then half-carried half-dragged Plaintiff to 3A-O3. (*Id.*, p. 18.) Plaintiff pleaded with Sgt. Magallanes for them to stop, but he just threatened and berated Plaintiff. (*Id.*) Plaintiff was then placed in a non-ad-seg building in what Plaintiff believes was an effort to hide his injuries. (*Id.*)

Once housed in a cell in 3A-O3, Plaintiff and inmates in cells around him screamed and called for nurses to attend to Plaintiff's injuries. (*Id.*) After about 2-1/2 hours, an unknown "psyche tech" arrived, examined Plaintiff, and directed that Plaintiff be taken to the CTC in a wheelchair. (*Id.*) Once there, Plaintiff was examined, decontaminated, and given a large dose of pain medications. (*Id.*) Dr. Aye saw Plaintiff and ordered Plaintiff's transport to Mercy Hospital where his fractured ankle was examined, identified, and placed in a cast and his other injuries were examined and treated. (*Id.*, pp. 18-19.) Plaintiff remained in the hospital for three days until February 3, 2015, when he was released back to CSP-Cor. (*Id.*, p. 19.)

4

1 | Plaintiff was previously given the applicable standards for his claims. For the reasons discussed below, Plaintiff has stated some cognizable claims under the Eighth Amendment upon which he should be allowed to proceed. However, it appears that Plaintiff is unable to cure the deficiencies of his claim against Warden D. Davey such that he and all claims against him should be dismissed and that Plaintiff did not comply with the CGCS to proceed on any claims under California law in this action. .

### D. Pleading Requirements

#### 1. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Violations of Rule 8, at both ends of the spectrum, warrant dismissal. A violation occurs when a pleading says too little -- the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Rule is also violated, though, when a pleading says *too much*. *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1058 (9th Cir.2011) ("[W]e have never held -- and we know of no authority supporting the proposition -- that a pleading may be of unlimited length and opacity. Our cases instruct otherwise.") (citing cases); *see also McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir.1996) (affirming a dismissal under Rule 8, and recognizing that "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair burdens on litigants and judges").

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal.* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of pro se prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

### 2. **Linkage and Causation**

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. *Nurre v. Whitehead*, 580 F.3d 1087, 1092 (9th Cir 2009); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Crowley v. Nevada ex rel. Nevada Sec'y of State*, 678 F.3d 730, 734 (9th Cir. 2012) (citing *Graham v. Connor*, 490 U.S. 386, 393-94, 109 S.Ct. 1865 (1989)) (internal quotation marks omitted). To state a claim, Plaintiff must allege facts demonstrating the existence of a link, or causal connection, between each defendant's actions or omissions and a violation of his federal rights. *Lemire v. California Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1074-75 (9th Cir. 2013);

*Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011).

Plaintiff's allegations must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief against each defendant. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969. However, prisoners proceeding *pro se* in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. *Hebbe*, 627 F.3d at 342.

### E. Legal Standards

#### 1. Excessive Force

The Eighth Amendment prohibits those who operate our prisons from using "excessive physical force against inmates." *Farmer v. Brennan*, 511 U.S. 825 (1994); *Hoptowit v. Ray*, 682 F.2d 1237, 1246, 1250 (9th Cir.1982) (prison officials have "a duty to take reasonable steps to protect inmates from physical abuse"); *see also Vaughan v. Ricketts*, 859 F.2d 736, 741 (9th Cir.1988), *cert. denied*, 490 U.S. 1012 (1989) ("prison administrators" indifference to brutal behavior by guards toward inmates [is] sufficient to state an Eighth Amendment claim"). As courts have succinctly observed, "[p]ersons are sent to prison as punishment, not *for* punishment." *Gordon v. Faber*, 800 F.Supp. 797, 800 (N.D. Iowa 1992) (citation omitted), *aff'd,* 973 F.2d 686 (8th Cir.1992). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Farmer,* 511 U.S. at 834, (*quoting Rhodes*, 452 U.S. at 347).

When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). In determining whether the use of force was

wanton and unnecessary, it is proper to consider factors such as the need for application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 7. The extent of a prisoner's injury is also a factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation. *Id.* Although the absence of serious injury is relevant to the Eighth Amendment inquiry, it is not determinative. *Id.* That is, use of excessive physical force against a prisoner may constitute cruel and unusual punishment even though the prisoner does not suffer serious injury. *Id.* at 9.

Plaintiff's allegations against C/O Caldwell, Lt. Gonzales, C/O H. Flores, and C/O S. Longoria for attacking him just after he exited the chow hall without provocation and without any resistance by Plaintiff (Doc. 14, pp. 13-14), state a claim for excessive force claim under the Eighth Amendment. Further, Plaintiff's allegations that C/Os L. Cahlander, R. Roque, K. Cowart, T. Harris, A. Fernandez, R. Adame, A. Casas, M. Garin, D. Nora, and A. Rocha simply stood by watching and took no actions to stop what was happening (*id.*, p. 15) are cognizable for failing "to take reasonable measures to guarantee the safety of inmates, which has been interpreted to include a duty to protect prisoners." *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Farmer*, 511 U.S. at 832-33; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005)); *see also Lolli v. County of Orange*, 351 F.3d 410, 418 (9th Cir. 2003); *Cunningham v. Gates*, 229 F.3d 1271, 1289 (9th Cir. 2000); *Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995).

However, verbal harassment or abuse alone is not sufficient to state a claim under section 1983. *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987). Even threats do not rise to the level of a constitutional violation. *Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987). Thus, none of the threats or profanity that Plaintiff alleges various of the defendants used against him amount to cognizable claims.

### 2. Deliberate Indifference to Serious Medical Needs

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a

prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in ' "significant injury or the unnecessary and wanton infliction of pain." ' " *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc))

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quotation marks omitted)).

"Indications that a plaintiff has a serious medical need include the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic or substantial pain." *Colwell v. Bannister*, 763 F.3d 1060, 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); *accord Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). For purposes here, the Court accepts that Plaintiff's condition after being beaten upon exiting the dining hall is a serious medical need.

Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.' " *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Whitley*, 475 U.S. at 319). Deliberate indifference is shown where a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Id.*, at 847. Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the

inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.' " *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

In medical cases, this requires showing: (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. *Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096). More generally, deliberate indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotation marks omitted). Under *Jett*, "[a] prisoner need not show his harm was substantial." *Id.*; *see also McGuckin*, 974 F.2d at 1060 ("[A] finding that the defendant's activities resulted in 'substantial' harm to the prisoner is not necessary.").

The alleged efforts by C/Os Longoria, R. Guerra, and Lt. J. Gonzales to force Plaintiff to walk to 3A medical, despite his obvious injuries and the pain that it caused him, merely to be noted as "ambulatory" upon arrival, violate the Eight Amendment for deliberate indifference to Plaintiff's serious medical needs and/or risk of serious harm. Plaintiff's allegations that these three defendants merely laughed at him and walked away when he cried to them to be decontaminated, that he could not breathe, and was not supposed to be cuffed behind his back are likewise cognizable.

Plaintiff's allegations against LVN S. Branson state a cognizable Eighth Amendment claim as well for not examining Plaintiff, providing him aid, or reporting his injuries, for ignoring Plaintiff's requests for help when he informed her that he was having trouble breathing and talking because of the pepper spray, that his foot was hurting and he thought it was broken, his elbow was hurting badly as were his back and face, and that he had a medical chrono prohibiting being cuffed behind his back. Instead of sending Plaintiff to the Correctional Treatment Center (CTC) for medical care and treatment, LVN S. Branson simply cleared Plaintiff for ad-seg

placement and only vaguely noted that Plaintiff had pain all over his body and falsely reported that Plaintiff refused decontamination.

Plaintiff's allegations against Sgt. Magallanes and C/Os A. Casas, R. Roque, and D. Nora for carrying Plaintiff by his elbows and feet, dropping him, and then half-carrying half-dragging Plaintiff instead of using a wheelchair to take him to 3A-O3 when Plaintiff had advised them of everywhere he was hurting and his inability to stand, let alone walk, also states a cognizable claim under the Eighth Amendment.

### 3. Failure to Train/Supervise

Plaintiff's allegations that Warden Davey is liable for failing to adequately train and supervise his subordinates which amounted to a failure to protect Plaintiff under the Eight Amendment are not cognizable.

Generally, supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior*, *Iqbal*, 129 S.Ct. at 1949. When a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To show this, "a plaintiff must show the supervisor breached a duty to plaintiff which was the proximate cause of the injury. The law clearly allows actions against supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff was deprived under color of law of a federally secured right." *Redman v. County of San Diego*, 942 F.2d 1435, 1447 (9th Cir. 1991)(internal quotation marks omitted)(abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1994).

To state a claim for relief under this theory, Plaintiff must allege some facts that would support a claim that supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*,

885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

"The requisite causal connection can be established . . . by setting in motion a series of acts by others," *id*. (alteration in original; internal quotation marks omitted), or by "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury," *Dubner v. City & Cnty. of San Francisco*, 266 F.3d 959, 968 (9th Cir. 2001). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998) (internal alteration and quotation marks omitted).

Although federal pleading standards are broad, some facts must be alleged to support claims under section 1983. *See Leatherman v. Tarrant County Narcotics Unit*, 507 U.S. 163, 168 (1993). General statements that a supervisor failed to train or supervise their subordinates are legal conclusions that need not be accepted as true. *Iqbal*, 556 U.S. at 678. Thus, Plaintiff's mere allegations that Warden Davey's failure to train, supervise, and discipline prison personnel amounted to a failure to protect Plaintiff in violation of the Eighth Amendment is not cognizable.

### 4. Claims Under California Law

Under California's Government Claims Act ("CGCA"),[1] set forth in California Government Code sections 810 et seq., a plaintiff may not bring a suit for monetary damages against a public employee or entity unless the plaintiff first presented the claim to the California Victim Compensation and Government Claims Board, and the Board acted on the claim, or the time for doing so expired. "The Tort Claims Act requires that any civil complaint for money or damages first be presented to and rejected by the pertinent public entity." *Munoz v. California*, 33 Cal.App.4th 1767, 1776 (1995). The purpose of this requirement is "to provide the public entity sufficient information to enable it to adequately investigate claims and to settle them, if

---

[1] The Government Claims Act was formerly known as the California Tort Claims Act. *City of Stockton v. Superior Court*, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

appropriate, without the expense of litigation," *City of San Jose v. Superior Court*, 12 Cal.3d 447, 455 (1974) (citations omitted), and "to confine potential governmental liability to rigidly delineated circumstances: immunity is waived only if the various requirements of the Act are satisfied," *Nuveen Mun. High Income Opportunity Fund v. City of Alameda, Cal.*, 730 F.3d 1111, 1125 (9th Cir. 2013). Compliance with this "claim presentation requirement" constitutes an element of a cause of action for damages against a public entity or official. *State v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1244 (2004). Thus, in the state courts, "failure to allege facts demonstrating or excusing compliance with the claim presentation requirement subjects a claim against a public entity to a demurrer for failure to state a cause of action." *Id*. at 1239 (fn.omitted).

To be timely, a claim must be presented to the Board "not later than six months after the accrual of the cause of action." Cal. Govt.Code § 911.2. Thereafter, "any suit brought against a public entity" must be commenced no more than six months after the public entity rejects the claim. Cal. Gov. Code, § 945.6, subd. (a)(1).

Federal courts must require compliance with the CGCA for pendant state law claims that seek damages against state employees or entities. *Willis v. Reddin*, 418 F.2d 702, 704 (9th Cir.1969); *Mangold v. California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir.1995). State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were first presented to the state in compliance with the applicable requirements. *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir.1988); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D.Cal.2008).

Despite previously receiving these standards, Plaintiff fails to state any allegations to show that he complied with the CGCA to be allowed to pursue claims under California law in this action. Thus, it is recommended that Plaintiff's claims based on California law be dismissed.

### 5. **Declaratory and Injunctive Relief**

Plaintiff seeks both declaratory and injunctive relief. Because Plaintiff's claims for damages necessarily entail a determination whether his rights were violated, his separate request

for declaratory relief is subsumed by those claims. *Rhodes v. Robinson,* 408 F.3d 559, 565-66 n.8 (9th Cir. 2004).

Plaintiff's request for injunctive relief seeks various forms of medical care and treatment for the injuries he allegedly sustained in this action. Plaintiff mimicked his request in a separate motion for preliminary injunctive relief which he filed on March 23, 2017, (Doc. 7), which was addressed in the first screening order. As stated in that order, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits and to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008) (citations omitted). "A preliminary injunction is an extraordinary remedy never awarded as a matter of right. In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief. In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." *Id.*, at 24 (citations and quotations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to such relief. *Id.*, at 22.

Requests for prospective relief are further limited by 18 U.S.C. § 3626 (a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right." The pendency of this action does not give the Court jurisdiction over prison officials in general or over the conditions of Plaintiff's confinement. *Summers v. Earth Island Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 492-93; *Mayfield*, 599 F.3d at 969.

The claims which Plaintiff proceeds on in this action arise from events that occurred at the CSP-Cor. However, Plaintiff was subsequently transferred and is currently housed at SVSP.

Plaintiff thus lacks standing in this action to seek relief directed at remedying his current conditions of confinement at SVSP. Likewise, to the extent that his motion seeks relief to remedy his conditions of confinement for the time he was at CSP-Cor, it was rendered moot upon his transfer to SVSP. *See Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991).

Plaintiff is not precluded from attempting to state cognizable claims in a new action if he believes his civil rights are being violated beyond his pleadings in this action. The issue is not that Plaintiff's allegations are not serious, or that Plaintiff is not entitled to relief if sought in the proper forum. The seriousness of Plaintiff's accusations concerning Plaintiff's access to medical care for his conditions cannot and do not overcome what is a *jurisdictional* bar. *Steel Co.*, 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.") This action is simply not the proper vehicle for conveyance of the relief Plaintiff seeks and his request for injunctive relief should be dismissed.

## II. CONCLUSION & RECOMMENDATION

Plaintiff's First Amended Complaint states the following cognizable claims under the Eighth Amendment: against C/O Caldwell, Lt. Gonzales, C/O H. Flores, and C/O S. Longoria for use of excessive force; against C/Os L. Cahlander, R. Roque, K. Cowart, T. Harris, A. Fernandez, R. Adame, A. Casas, M. Garin, D. Nora, and A. Rocha for failing to intervene and protect Plaintiff; and against C/Os Longoria, R. Guerra, Lt. J. Gonzales, LVN S. Branson, Sgt. Magallanes and C/Os A. Casas, R. Roque, and D. Nora for deliberate indifference to Plaintiff's serious medical needs. However, Plaintiff does not state any cognizable claims against Warden D. Davey, nor does he show compliance with the CGCA to be allowed to proceed on any claims under California law. Given that Plaintiff was previously given the standards and requirements for his claims against Warden Davey and under California law, it appears the deficiencies in Plaintiff's pleading are not capable of being cured through amendment which would make subsequent leave to amend futile. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Further leave to amend need not be granted.

Accordingly, based on the foregoing, the Court RECOMMENDS:

1. That this action proceed on the Eighth Amendment claims against:

    (a) Against C/O Caldwell, Lt. Gonzales, C/O H. Flores, and C/O S. Longoria for use of excessive force;

    (b) Against C/Os L. Cahlander, R. Roque, K. Cowart, T. Harris, A. Fernandez, R. Adame, A. Casas, M. Garin, D. Nora, and A. Rocha for failing to intervene and protect Plaintiff; and

    (c) Against C/Os Longoria, R. Guerra, Lt. J. Gonzales, LVN S. Branson, Sgt. Magallanes and C/Os A. Casas, R. Roque, and D. Nora for deliberate indifference to Plaintiff's serious medical needs; and

2. All other claims and Defendants should be dismissed with prejudice from this action based on Plaintiff's failure to state cognizable claims under section 1983.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. Nov. 18, 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 14, 2018**    /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE

16