# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOUIS A. ALARCON, <br><br> Plaintiff, <br><br> v. <br><br> DAVEY, et al., <br><br> Defendants. | Case No. 1:16-cv-01461-LJO-JLT (PC) <br><br> **ORDER ADOPTING FINDINGS AND RECOMMENDATION DISMISSING DEFENDANT WARDEN DAVEY AND ALL STATE LAW CLAIMS** <br><br> **(Doc. 16)** |

  Plaintiff, Louis A. Alarcon, is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

  On March 14, 2018, the Magistrate Judge filed a Findings and Recommendation which was served on Plaintiff and contained notice that objections were due within twenty-one days. (Doc. 16.) Plaintiff filed his objections on April 6, 2018. While Plaintiff does not object to dismissal of Warden Dave Davey and all claims against him from this action, he challenges the recommended dismissal of his state law claims. (Doc. 17.)

  Plaintiff argues that the Victim Compensation and Government Claims Board should not have found the claim he filed with them untimely. However, as correctly stated in the F&R, to be timely, a claim must be presented to the Board "not later than six months after the accrual of the cause of action." Cal. Govt.Code § 911.2. Thereafter, "any suit brought against a public entity" must be commenced no more than six months after the public entity denies the claim. Cal. Gov. Code, § 945.6, subd. (a)(1). State tort claims included in a federal action, filed pursuant to 42 U.S.C. § 1983, may proceed only if the claims were first presented to the state in compliance with

1

the applicable requirements. *Karim-Panahi v. Los Angeles Police Department*, 839 F.2d 621, 627 (9th Cir.1988); *Butler v. Los Angeles County*, 617 F.Supp.2d 994, 1001 (C.D.Cal.2008). California's Government Claims Act ("CGCA"), set forth in California Government Code sections 810 et seq., provides that, if a claimant misses a deadline, he or she may file a written application for leave to file a late claim, within a year after the accrual of the cause of action. Cal. Govt. Code § 911.4. If the Board denies the application, as happened here (*see* Doc. 17, p. 17), no court action may be brought on the claim unless the claimant first files a petition with the superior court requesting relief from the claim presentation requirement and obtains a court order granting such relief. *Id*., §§ 911.8, 946.6(a). Plaintiff's failure to obtain such relief bars his suit on his claims under state law in this action.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, that issued on March 14, 2018, is adopted in full; and
2. Plaintiff may proceed on the following cognizable Eighth Amendment claims as stated in the First Amended Complaint:
    a. Against C/O Caldwell, Lt. Gonzales, C/O H. Flores, and C/O S. Longoria for use of excessive force;
    b. Against C/Os L. Cahlander, R. Roque, K. Cowart, T. Harris, A. Fernandez, R. Adame, A. Casas, M. Garin, D. Nora, and A. Rocha for failing to intervene and protect Plaintiff; and
    c. Against C/Os Longoria, R. Guerra, Lt. J. Gonzales, LVN S. Branson, Sgt. Magallanes and C/Os A. Casas, R. Roque, and D. Nora for deliberate indifference to Plaintiff's serious medical needs.
3. Warden Dave Davey, all claims against him, and all of Plaintiff's claims under California law are dismissed with prejudice.

4. The action is referred to the Magistrate Judge for service of process.

IT IS SO ORDERED.

Dated: **April 11, 2018**     **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE