UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LOUIS A. ALARCON,** | Case No. 1:16-cv-01461-LJO-JLT |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO SUBSTITUTE PARTY FOR S. BRANSON** |
| v. | |
| **D. DAVEY, et al.,** | (Doc. 47) |
| Defendants. | |

On March 12, 2019, Defendants filed a notice of death of Defendant S. Branson. (Doc. 45.) Defendants' counsel indicates he conducted an electronic search of active probate matters but located none in S. Branson's name. *Id.* He reported also that Jennifer Branson is decedent's daughter. (*Id.*) On June 7, 2019, Plaintiff filed a motion to substitute S. Branson's daughter in place of Defendant S. Branson in this action. (Doc. 47.)

Rule 25(a)(1) allows the court to order substitution of the proper party if a party dies and the claim is not extinguished. A "proper party" under Rule 25(a)(1) is the legal representative of the deceased party; e.g., an executor of the deceased's will or an administrator of his or her estate. *Mallonee v. Fahey*, 200 F.2d 918, 919-920, & n. 3 (9th Cir.1952). Plaintiff does not provide any evidence that decedent's daughter is decedent's executor or an administrator of her estate. Thus, substitution of the decedent's daughter is not appropriate under Rule 25(a)(1).

Rule 25(d) provides for substitution of a successor where the original defendant was sued in their official capacity. The First Amended Complaint specifies that Plaintiff sued the decedent solely in her individual capacity and seeks monetary damages against her. (Doc. 14, FAC, p. 11.) Plaintiff's specific, limited allegations and claims for monetary damages against the decedent confirms that his claim is based on actions taken in her individual capacity. *See Ashker v. Cal. Dep't of Corr.*, 112 F.3d 392, 395, n. 3 (9th Cir. 1997) (for Eleventh Amendment immunity purposes, where Plaintiff sought money damages and alleged his claims were against defendants both in their individual and official capacities, it was concluded that they were sued in their individual capacities regardless of indemnification by the state for money damages sought); *Shoshone-Bannock Tribes v. Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994) (money damages are not available in official capacity suits). Accordingly, substitution of the decedents' successors is inappropriate under Rule 25(d).

Plaintiff has not shown that S. Branson's daughter is a proper party for substitution under Rule 25(a).[1] As Plaintiff points to no other authority under which substitution of these persons for the decedents would be appropriate, the Court denies Plaintiff's motion to substitute Defendant S. Branson's daughter in place and instead of the decedent. The denial of Plaintiff's motion is without prejudice to the filing a new substitution motion under Rule 25 seeking to substitute a proper party for the decedent. Accordingly, Plaintiff's motion to substitute, filed on June 7, 2019 (Doc. 47), is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **June 17, 2019**     **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

---

[1] As an aside, Fed.R.Civ.P.26 does not require the remaining defendants to provide the plaintiff evidence whether S. Branson's daughter is a proper party for substitutions.