# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LOUIS A. ALARCON,**<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>**D. DAVEY, et al.,**<br><br>　　　　　　Defendants. | Case No. 1:16-cv-01461-LJO-JLT<br><br>**SCHEDULING ORDER FOR EVIDENTIARY HEARING**<br><br>(Docs. 27, 51)<br><br>**Motion for Incarcerated Witnesses:** September 13, 2019<br>**Opposition to Motion for Incarcerated Witnesses:** September 27, 2019<br>**Hearing:** November 25, 2019, 9:00 a.m. |

　　　Defendants' motion for summary judgment (Doc. 27) is under consideration by the Court. The Court has reviewed the pleadings and evidence related to Defendants' motion for summary judgment, which asserts that Plaintiff failed to exhaust administrative remedies. (Doc. 27.) The Court has also reviewed evidence submitted by the parties in response to the Court's order to submit further evidence regarding the logs for Plaintiff's confidential mail from May of 2015 through December of 2015. (Docs. 46, 49, 50.)

　　　The Court has determined that there is a disputed factual issue regarding when Plaintiff received the June 29, 2015 letter from the Office of Appeals which rejected Plaintiff's inmate appeal COR-15-01008. (Doc. 27-5, p. 156.) Specifically, Defendants' evidence shows that, on June 29, 2015, the OOA rejected the appeal because supporting documents were not attached. (Doc. 27-3, Defense Statement of Undisputed Facts "DSUF" ¶ 16.) The rejection letter was

stamped "MAILED July 1, 2015." (DSUF ¶ 17.) Defendants' evidence also shows Plaintiff re-submitted the appeal to the OOA for the third level of review on September 21, 2015. (DSUF ¶ 18.) On November 12, 2015, the OOA rejected the appeal again because Plaintiff failed to attach complete copies of the related Rules Violation Report (RVR) and the CDCR Form 837 Crime/Incident Report to the appeal. (DSUF ¶ 19.) Plaintiff re-submitted the appeal to the OOA on December 10, 2015. (DSUF ¶ 20.) On February 22, 2016, the OOA cancelled the appeal for being untimely. (DSUF ¶ 21.) The cancellation letter noted that Plaintiff failed to resubmit the appeal in thirty calendar days after the OOA first rejected the appeal on June 29, 2015, and that a review of the institution's mail processing and Plaintiff's housing did not reveal any extenuating issues that would have prevented the appeal from being timely delivered to Plaintiff. (*Id.*) The letter advised Plaintiff that he could file a separate appeal regarding the OOA's cancellation decision. (*Id.*)

On March 9, 2016, Plaintiff filed a CDCR Form 602 to appeal the OOA's decision to cancel Appeal Log No. COR-15-01008. (Voong Decl. Ex. H.) In that appeal, Appeal Log No. OOA-14-14051 (TLR Case No. 1510128), Plaintiff claimed the OOA inappropriately cancelled the appeal because: (1) the Third Level of Review accepted the appeal on two prior occasions, thereby defaulting the time-limit issues; (2) he did not receive the OOA's June 29, 2015 rejection decision until September 11, 2015; and (3) his CDC Form 119 Mail Record showed that the rejection decision was not logged or timely delivered to him. (DSUF ¶ 22.) The OOA denied the appeal the same day Plaintiff submitted it stating he failed to submit sufficient evidence to show he did not have the ability to resubmit the appeal within the required thirty-day time-limit. (DSUF ¶ 23.)

The evidence submitted thus far seems to show that CSP-Cor does not log all "confidential correspondence," as that term is defined by 15 CCR § 3141(c). Also, the Court has not been presented evidence related to whether CSP-Cor requires inmates to "sign for all confidential mail at the time of delivery" using a logbook or receipts as required by 15 CCR § 3143(b). Finally, an evidentiary dispute exists whether Plaintiff received the June 29, 2015 OOA rejection letter in July or on September 11, 2015. Thus, the Court must hold an evidentiary hearing to determine

these issues. *Williams v. Paramo*, 775 F.3d 1182, 1191-92 (9th Cir. 2015); *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (en banc).

**<u>Attendance of Incarcerated Witnesses:</u>**

If Plaintiff desires to have inmate witnesses testify on this issue, he is required to make a particularized showing to obtain their attendance. He must comply with the procedures set forth below or his requested incarcerated witnesses may not be permitted to testify.[1] An incarcerated witness who agrees to attend the hearing to give testimony cannot come to court unless the Court orders the warden or other custodian to permit the witness to be transported to court. The Court will not issue such an order unless it is satisfied that the witness has actual knowledge of relevant facts.

A party intending to introduce the testimony of incarcerated witnesses who have agreed to attend the hearing must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of the hearing. The motion must: (1) state the name, address, and prison identification number of each such witness; and (2) be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts. The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

The willingness of the prospective witness can be shown in one of two ways: (1) the party himself can swear by declaration under penalty of perjury that the prospective witness has informed the party that he or she is willing to testify voluntarily without being subpoenaed, in which declaration the party must state when and where the prospective witness informed the party of this willingness; or (2) the party can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he or she is willing to testify without being subpoenaed.

The prospective witness's actual knowledge of relevant facts can be shown in one of two

---

[1] Notwithstanding the requirements set forth herein, it is within the Court's discretion to grant a motion for the attendance of incarcerated witnesses if the moving party has shown the witnesses have relevant information and the Court determines the witnesses' presence will substantially further the resolution of the issue. *Wiggins v. County of Alameda*, 717 F.2d 466, 468 n.1 (9th Cir. 1983).

ways: (1) if the party has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts (e.g., if the incident occurred in Plaintiff's cell and, at the time, Plaintiff saw that a cellmate was present and observed the incident, Plaintiff may swear to the cellmate's ability to testify), the party himself can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) the party can serve and file a declaration signed under penalty of perjury executed the prospective witness in which the witness describes the relevant facts he heard or saw. Whether the declaration is made by the party or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The Court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the Court will issue the order necessary to cause the witness's custodian to bring the witness to court. Accordingly, the Court **ORDERS**:

1. The evidentiary hearing will be held before the undersigned at the U. S. District Court, 510 19th Street, Bakersfield, California 93301, on **November 25, 2019, at 9:00 a.m.**;
2. The parties should be prepared to present evidence limited to the issue of when the June 29, 2015 OOA rejection letter was delivered to Plaintiff. This includes, but is not limited to, how and whether all confidential correspondence is logged and how and whether the inmate is required to "sign for" all confidential mail;
3. If Plaintiff intends to call incarcerated witnesses at the hearing, he shall serve and file a motion for attendance of incarcerated witnesses as described in this order on or before **September 13, 2019**;
4. Opposition to Plaintiff's motion for the attendance of incarcerated witnesses, if any, shall be filed on or before **September 27, 2019**; and

///
///
///

4

5. If either side intends to introduce evidence not previously filed, they **SHALL** serve it on their opponent no later than **November 1, 2019**.

IT IS SO ORDERED.

Dated: __**August 13, 2019**__         ___**/s/ Jennifer L. Thurston**___
                     UNITED STATES MAGISTRATE JUDGE